Kaveh S. Elihu, Esq. (SBN 268249)
kelihu@ejlglaw.com
Daniel J. Friedman, Esq. (SBN 289670)
dfriedman@ejlglaw.com
Steven Berkowitz, Esq. (SBN 124051)
sberkowitz@ejlglaw.com
**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
1001 Wilshire Boulevard
Los Angeles, California 90017
Phone: (323) 382-2222; Fax: (323) 382-2230

Attorneys for Plaintiff Calvin Marshall III

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

CALVIN MARSHALL III, an individual,

Plaintiff,

v.

UNITED AIRLINES, INC., a Delaware corporation; JEANETTE OSBORNE, an individual; KRISHNENDU BOSE, an individual; and DOES 1-20, inclusive,

Defendants.

Case No.: 8:25-cv-01320 MRA(ADS)

**PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT PURSUANT TO 28 U.S.C. §1441(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: August 18, 2025
Time: 1:30 p.m.
Courtroom: 9B
District Judge: Hon. Monica Ramirez Almadani

Action Filed: May 14, 2025
Case Removed: June 18, 2025

**TABLE OF CONTENTS**


I. INTRODUCTION ....................1

II. PROCEDURAL HISTORY AND STATEMENT OF FACTS ....................3

III. STANDARD OF REVIEW AND ARGUMENT ....................4

A. The Parties Met and Conferred Pursuant to Local Rule 7-3 ....................4

B. Defendant Carries a Heavy Burden to Establish That Removal Was Proper ....................4

C. Removal Was Improper Because Diversity of Citizenship Never Existed ....................5

IV. CONCLUSION ....................6

# TABLE OF AUTHORITIES

**Cases**

Abrego Abrego v. The Dow Chemical Co.

443 F.3d 676 (9th Cir.2006) ........................................................................................4

Emrich v. Touche Ross & Co.

846 F.2d 1190 (9th Cir.1988) ......................................................................................4

Gaus v. Miles, Inc.

980 F.2d 564 (9th Cir.1992) ........................................................................................4

Pullman Co. v. Jenkins

305 U.S. 534 (1939).......................................................................................................4

**Statutes**

28 U.S.C. § 1332(a)(1) ..................................................................................................4

28 U.S.C. § 1447(c) ......................................................................................................4

Cal. Labor Code 226……………………………………………………………………3, 5, 6

Cal. Labor Code 558.1……………………………………………………………………2, 6

Cal. Labor Code 1198.5………………………………………………………………...3, 5, 6

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a case involving an employee of Defendant United Airlines ("UA"[1]) who was assigned to work at the John Wayne Airport in Orange County, California, and who was terminated allegedly due to religious discrimination after UA failed and refused to accommodate Plaintiff who, due to his religious observance, could not work one day of each week, his Sabbath day. The termination occurred on or about May 18, 2023. Complaint, ¶¶ 57-61.

Plaintiff requests that this Court grant his motion to remand the action to state court because diversity of citizenship does not exist between the parties, and never existed. On May 14, 2025, Plaintiff filed his original complaint ("Complaint") in the Superior Court of California. In his Complaint, Plaintiff named three Defendants in this action: (1) United Airlines, Inc. ("UA") a Delaware corporation; (2) Jeanette Osborne ("Osborne"), an individual believed to be residing in Orange County California, who acted as the Senior Coordinator of airport operations for UA at the John Wayne Airport (Complaint at ¶ 7), and Krishnendu Bose ("Bose"), an individual believed to be residing in Orange County California, who acted as the General Manager of UA at the John Wayne Airport (Complaint at ¶ 8). Plaintiff was and is a resident of Orange County, California. (Complaint at ¶ 5).

Diversity does not exist because the individual defendants, who controlled the operations of UA at the workplace of Plaintiff at the John Wayne Airport, were named as defendants who violated California Labor Code Sections 226 and 1198.5, by failing to comply with a written demand of Plaintiff's attorney dated April 1, 2025, seeking Plaintiff's payroll and personnel documents. See Exhibit "A" attached to the Rene Gonzalez Declaration. The April 1, 2025, demand was sent to the address of the designated agents for service of process of UA. *Id.* at Exhibit "B". Rene Gonzalez Declaration at ¶¶ 2-3.

Pursuant to Labor Code Section 558.1, individual liability of a managing agent exists for violation of California Labor Code provisions related to wage and hour violations. Section 558.1 expressly provides that it includes a violation of Labor Code Section 226. Further, wage and hour

[1] "UA" refers to the UA operations at the John Wayne Airport.

violations are related to the payroll and personnel records which may reveal such violations. Therefore, it is clear that the managing agents Osborne and Bose were properly named and that diversity of citizenship does not exist and in fact never existed during the relevant period of time.

Pursuant to Local Rule 7-3, Plaintiff's counsel and Defendant' counsel met and conferred on multiple occasions, both in writing and over the telephone, beginning on June 30, 2025, regarding the issues in this motion, i.e., subject matter jurisdiction based upon diversity or the lack of diversity concerning the two individual defendants. At that time, Plaintiff's counsel's position was that Plaintiff's counsel had requested personnel and payroll records in April 2025, in writing, and Defendants failed to produce the same. Further, Plaintiff's counsel's position relied on Labor Code Section 558.1, providing individual liability for violated of Labor Code provisions. Defendant's counsel maintained that the records had been produced more than a year before and thus the two individual defendants should be dismissed. Counsel were unable to reach a compromise. Berkowitz Declaration at ¶ 2.

## II. PROCEDURAL HISTORY AND STATEMENT OF FACTS

On May 14, 2025, Plaintiff filed his Complaint for Damages in the Los Angeles County Superior Court, alleging causes of action for discrimination based on religion, failure to accommodate, retaliation, failure to prevent discrimination and retaliation, wrongful termination in violation of public policy, and failure to permit inspection of personnel and payroll records under the Labor Code Sections 226(c) and 1198.5. Berkowitz Declaration at ¶ 3.

Plaintiff named UA and individual defendants Osborne and Bose, the latter two whom acted as the Senior Coordinator of airport operations for UA and the general manager for UA, respectively. Complaint at ¶¶ 7-8.

On June 18, 2025, all three Defendants removed this case from the Superior Court to this Court. Berkowitz Declaration at ¶ 4.

On July 14, 2025, this Court ordered that Plaintiff's intended Motion to Remand shall be filed by July 21, 2025, and set for hearing on August 18, 2025. Berkowitz Declaration at ¶ 5.

///

///

## III. STANDARD OF REVIEW AND ARGUMENT

### A. The Parties Met and Conferred Pursuant to Local Rule 7-3

Local Rule 7-3 mandates that counsel contemplating the filing of any motion shall first contact opposing counsel to discuss the substance of the motion and any potential resolution thoroughly.

Beginning June 30, 2025, and continuing for the next approximate two weeks, the Plaintiff's counsel and Defendants' counsel met and conferred in writing and telephonically regarding the issue presented in this motion, regarding subject matter jurisdiction based upon diversity and were unable to agree to either a dismissal of the individual defendants or to a remand. Berkowitz Decl. at ¶ 2.

### B. Defendant Carries a Heavy Burden to Establish That Removal Was Proper

In the removal context, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). District courts must construe the removal statutes strictly against removal, and resolve any uncertainty in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).

The Ninth Circuit has consistently held that "the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* at 566-567 (internal citation omitted) ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"]. *See, also Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir.1988) ["The burden of establishing federal jurisdiction is upon the party seeking removal"]; *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) [noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"]. As such, any doubts are resolved in favor of remand. *Gaus* ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"].

Diversity jurisdiction grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The basic requirement in diversity cases is that *all* plaintiffs be of different citizenship than *all* defendants. Any instance of common citizenship prevents federal diversity jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).

///

**C. Removal Was Improper Because Diversity of Citizenship Never Existed**

Here, Plaintiff position is straightforward. The two individual defendants, at all relevant times, have resided in Orange County, California, and Plaintiff has, at all relevant times, resided in Orange County, California. Therefore, federal diversity of citizenship never existed.

Defendants may contend that they provided the requested payroll and personnel records to Plaintiff's counsel, one or two years ago, with respect to an attorney who allegedly represented Plaintiff at that time. However, regardless of whether or not that's true, at no time in 2025, during the time Employee Justice Legal Group ("EJLG") represented Plaintiff, when EJLG requested such records, did UA produce the same to EJLG as required. Labor Code Section 1198.5(d) provides that an employer, receiving a request for personnel records, must comply with a request if it constitutes the only request that year. Berkowitz Decl. at ¶ 6.

Defendants may further contend that the individual defendants are not individually liable under the Labor Code sections involved because Labor Code Section 558.1 does not apply to Sections 226 and 1198.5

Section 585.1 provides, in pertinent part:

> "(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

Section 226 provides, in pertinent part:

> "(c) An employer who receives a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than

> 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may designate the person to whom a request under this subdivision will be made."

Section 1198.5 provides that within 30 days after a request for an employee's personnel records, the employer must produce the same.

Here, there is can be no dispute that the individual defendants were managing agents of UA, a 2025 written request for payroll and personnel records was made by counsel for Plaintiff to UA's agents for service, and were not produced by UA, a violation of Labor Code Section 226 is expressly encompassed by Labor Code Section 558.1, and that both payroll and personnel records (which includes time sheets) may reveal wage and hour violations and are necessary to properly assess and calculate damages. Accordingly, both Osborne and Bose were properly named as individual defendants in this lawsuit and, thus, diversity of jurisdiction does not exist.

**IV. CONCLUSION**

It was Defendants' burden to establish the propriety of removal jurisdiction and rebut the strong presumption against it, which it cannot do, and all doubts must be resolved in favor of remanding this action to state court. Accordingly, it is respectfully submitted that Plaintiff's motion to remand should be granted.

DATED: July 21, 2025

**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**

By: /s/ Steven Berkowitz
Daniel J. Friedman, Esq.
Steven Berkowitz, Esq.
Attorneys for Plaintiff Calvin Marshall III

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1001 Wilshire Blvd, Los Angeles, CA 90017.

On July 21, 2025, I served the foregoing document described as **PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT PURSUANT TO 28 U.S.C. §1441(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the interested parties in this action as follows:

| | |
|---|---|
| Stacy L. Fode, Esq.<br>Ali Hmoud, Esq.<br>Suzanne Cerra, Esq.<br>Nukk-Freeman and Cerra, P.C.<br>1230 Columbia Street Suite 860<br>San Diego, CA 92101<br>sfode@nfclegal.com;<br>ahmoud@nfclegal.com;<br>scerra@nfclegal.com | *Attorneys for Defendants* |

☒ BY CM/ECF: With the Clerk of the United States District Court of California, using the CM/ECF System. the Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Court's CM/ECF System.

Executed on July 21, 2025, at Los Angeles, California.

☒ FEDERAL I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Steven Berkowitz /s/ Steven Berkowitz