Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Michael J. Morphew, Esq. (SBN 04463)
mmorphew@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
1230 Columbia Street, Suite 860
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

*Attorneys for Defendants*
UNITED AIRLINES, INC.,
JEANETTE OSBORNE, KRISHNENDU BOSE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| CALVIN MARSHALL III, an individual;<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware Corporation; JEANETTE OSBORNE, an individual; KRISHNENDU BOSE, an individual; and DOES 1 to 20, Inclusive;<br><br>Defendants. | Case No. 8:25-cv-01320 MRA (ADS)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:** August 18, 2025<br>**Time:** 1:30 pm<br>**Courtroom:** 9B<br>**District Judge:** Hon. Monica Ramirez Almadani<br><br>**Date of Removal:** June 18, 2025<br>**Trial Date:** Not Set |

# TABLE OF CONTENTS

*Page*


I. INTRODUCTION ........ 5

II. PROCEDURAL HISTORY AND RELEVANT FACTS ........ 5

III. LEGAL ARGUMENT ........ 7

A. Plaintiff Fails to State a Viable Legal Claim Against Either of the Individual Defendants. ........ 7

B. Because the Individual Defendants Were Fraudulently Joined, They Should be Disregarded for Purposes of Diversity Jurisdiction. ........ 12

IV. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

*Page(s)*

*Carter v. Rasier-CA, LLC*
(N.D.Cal. 2017) 2017 WL 4098858, at *5 .......... 12

*Cordell v. PICC Lines Plus LLC*
2016 WL 4702654, at *11 (N.D. Cal. Sept. 8, 2016).......... 8, 10

*Espinoza v. Hepta Run, Inc*.
(2022) 74 Cal. App. 5th 44, 59.......... 11

*Grancare, LLC v. Thrower*
889 F.3d 543, 548 (9th Cir. 2018).......... 12

*Hunter v. Philip Morris USA*
582 F.3d 1039, 1044) (9th Cir. 2009).......... 13

*Jacobs v. Sustainability Partners LLC*
(N.D.Cal. 2020) 2020 WL 5593200, at *13.......... 12

*Johnson v. Grancare,* LLC
2015 WL 686576, at 5 (N.D. Cal. Nov. 9, 2015).......... 13

*McCabe v. General Foods Corp*.
811 F.2d 1336, 1339 (9th Cir. 1987).......... 12

*Rios v. Linn* Star Transfer, Inc.
(N.D.Cal. 2020) 2020 WL 1677338, at *6 ) .......... 11

*Ritchey v. Upjohn Drug Co.*
139 F.3d 1313, 1318 (9th Cir. 1998).......... 12, 13

*Martinez v. Combs*
49 Cal. 4th 35, 69-71 (2010) .......... 7, 8

*Usher v. White*
64 Cal.App.5th 883, 894 (2021).......... 9

*Voris v. Lampert*
7 Cal. 5th 1141, 1161 (2019).......... 9

*White v. Ultramar, Inc.*
21 Cal.4th 563, 573 (1999) ........................................ 11

***Statutes***

Labor Code §§ 226 ........................................ 5, 10, 13
Labor Code §§ 226(a) ........................................ 10
Labor Code §§ 226(c) ........................................ 7, 10
Labor Code §§ 226(e) ........................................ 8
Labor Code §§ 432 ........................................ 5, 7, 9, 13
Labor Code §§ 558.1 ........................................ passim
Labor Code §§ 558.1(a) ........................................ 9
Labor Code §§ 558.1(b) ........................................ 11
Labor Code §§ 1198.5 ........................................ passim
Civil Code § 3294(b) ........................................ 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Through this application, Plaintiff Calvin Marshall ("Plaintiff") doubles down on his attempt to defeat diversity jurisdiction through the *frivolous* joinder of two individual defendants: Jeanette Osborne and Krishnendu Bose (collectively, the "Individual Defendants"). To support this effort, Plaintiff asserted a single cause of action against the Individual Defendants for their alleged failure to permit inspection of his personnel and payroll records under Labor Code §§ 1198.5, 226, and 432. However, as Defendants clearly established in their Petition for Removal, none of these statutes impose personal liability on individual supervisors under the circumstances here *as a matter of law*. Labor Code Section 558.1, Plaintiff's only asserted basis for personal liability, does not extend to these recordkeeping provisions, and Plaintiff's conclusory allegations regarding Osborne and Bose's roles are, on their face, insufficient to support liability under section 558.1. Perhaps most notable, Plaintiff's own application for remand confirms Plaintiff never served his inspection request on either of the Individual Defendants; it was only served on United. As such, even if personal liability could attach to them—which it cannot—Plaintiff has not asserted a colorable claim against either of them.

Because Plaintiff cannot state a viable claim against the Individual Defendants, they are sham defendants whose citizenship must be disregarded for purposes of diversity jurisdiction. As such, Plaintiff's Motion to Remand fails as a matter of law and must be denied.

### II. PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff filed this lawsuit on May 14, 2025, in the Orange County Superior Court, alleging several employment-related claims against Defendant United Airlines, Inc. ("United") and one claims against the Individual Defendants. It is undisputed for purposes of this motion that the *only* claim Plaintiff raised against the Individual Defendants is the Sixth Cause of Action for failure to permit

inspection of personnel and payroll records. (Declaration of Michael J. Morphew, Esq. ("Morphew Decl.") at ¶2).

On June 18, 2025, Defendants removed this action from the Superior Court to this Court on the basis that the Individual Defendants were fraudulently joined in order to avoid diversity jurisdiction. (Morphew Decl. at ¶3).

On June 25, 2025, Defendants filed a Motion to Dismiss the Individual Defendants. (Morphew Decl. at ¶4).

On July 14, 2025, this Court agreed to hold Defendants' Motion to Dismiss in abeyance and ordered that Plaintiff's Motion to Remand be filed by July 21, 2025. (Morphew Declaration at ¶5). This application is set for hearing on August 18, 2025. (*Id.* at ¶5).

Defendants Osborne and Bose are employees of United. (*See* Complaint, ¶¶ 7-8.) Neither is alleged to have acted outside the scope of their employment or independently of United in any way that could support individual liability. (Morphew Decl. at ¶6.) Plaintiff does not allege that either Osborne or Bose were Plaintiff's employer, and no facts are pled in the Complaint to establish that they were owners, directors, officers, or managing agents of United. (*Id.*) Nor are there any facts alleging that Plaintiff's request for records was sent to either Osborne or Bose, or that they personally received such a request. (*See* Morphew Decl. at ¶6 and Complaint, generally.) On the contrary, the Declaration of Rene Gonzalez-Pacheco ("GP Decl.")—submitted by Plaintiff in support of his remand request—expressly confirms that Plaintiff's records request was sent <u>only</u> ***"to United Airlines, Inc."***. (GP Decl. at ¶2, Ex. A, emphasis added.) As such, no viable claim is properly asserted against either of the Individual Defendants.

United previously produced the documents at issue to Plaintiff's prior counsel on September 18, 2023. (Morphew Decl. at ¶7, Ex. 1.) Since United had already produced Plaintiff's complete records through his former counsel, it was unsure whether the April 1, 2025, request was verified, particularly because the

authorization was not signed by Plaintiff. (Morphew Decl. at ¶8, Ex. 2.) Since Plaintiff's employment terminated in May 2023, he already has a complete copy of all the documents outlined in his counsel's April 2025 request. (Morphew Decl. at ¶9.) Although United's duty to furnish these records during the pendency of litigation ceased, the records were reproduced to Plaintiff's counsel on July 8, 2025. (Morphew Decl. at ¶10, Ex. 3.)

## III. LEGAL ARGUMENT

### *A. Plaintiff Fails to State a Viable Legal Claim Against Either of the Individual Defendants.*

Plaintiff's Complaint includes only one claim against the Individual Defendants: *their alleged failure to permit inspection of his personnel and payroll records*. In support of this claim, Plaintiff cites Labor Code §§ 1198.5, 226(c), and 432, all of which contain obligations imposed solely *on employers*. As detailed in Defendants' Petition for Removal, individuals may not be held personally liable for the alleged misconduct here under any of these statutes *as a matter of law*. Because Defendants cited the applicable case law in their removal papers and presented it to Plaintiff's counsel again during their meet and confer exchanges, it is clear that Plaintiff's continued argument that the Individual Defendants are proper parties to this action is an improper attempt to circumvent diversity jurisdiction.

#### a. The Alleged Violations of California Labor Code §§ 1198.5, 226, and 432 in Count Six Only Apply to Employers.

Plaintiff's claim against the Individual Defendants fails as a matter of law because the statutory provisions he relies on for the alleged recordkeeping violations only impose obligations on the employer, not individual employees or supervisors. It is well established that, for purposes of the California Labor Code, courts rely on the definition of "employer" found in the Industrial Welfare Commission's wage orders. *See Martinez v. Combs,* 49 Cal. 4th 35, 69-71 (2010) (requiring judicial deference to IWC's authority and orders regulating wages, hours

and working conditions in California). According to those orders, an "employer" is any person or legal entity "who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." Wage Order No. 9-2001(2)(G); 8 Cal. Code Reg. § 11090(2)(F). The California Supreme Court has made clear that the wage order definition of "employer" does <u>not</u> impose individual liability on corporate agents acting within the scope of their agency. *See Martinez,* 49 Cal. 4th at 66.

Here, Defendants have demonstrated that the alleged recordkeeping obligations Plaintiff cites in the Sixth Count unquestionably apply solely to employers and not to individuals such as Bose or Osborne:

- **Labor Code § 1198.5(b)(1)** expressly provides that "*the employer* shall make the contents of those personnel records available for inspection to the current or former employee…" (emphasis added) and courts have consistently held that these obligations apply only to the applicable employer. *See, e.g., Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654, at *11 (N.D. Cal. Sept. 8, 2016) (holding that "Section 1198.5(k) imposes obligations on employers only").

- **Labor Code § 226**—upon which Plaintiff primarily relies—also limits the requirement to produce copies of wage statement to "employers" and provides a remedy only as against the employer for violations; not individual employees. *See Cordell*, at *10 ("The Court finds that Plaintiff has stated a claim for relief under section 226(e) against [corporate defendant], but not against [individual defendant] since he cannot be personally held liable as an "employer" under this section of the Labor Code."). Tellingly, Plaintiff does not address this legal precedent in his application or make any effort to distinguish *Cordell*.

Because the cited conduct under these Labor Code provisions is not

actionable against individual employees, the Individual Defendants cannot be held personally liable for their alleged failure to respond to Plaintiff's April 2025 records request. Because Osborne and Bose were not Plaintiff's employer, no claim may lie against them individually under these statutes and they were included solely as sham defendants.

**b. Labor Code § 558.1 Does Not Extend to Recordkeeping Violations Under §§ 1198.5, 432, or 226.**

Plaintiff's reliance on Labor Code section 558.1 is misplaced. Although Labor Code section 558.1 permits certain individuals, such as owners, directors, officers, or managing agents, to be held personally liable for specific Labor Code violations, it expressly does not apply to claims under Labor Code §§ 1198.5 or 432. (*See* Labor Code § 558.1(a)). Rather, Labor Code Section 558.1 only applies to certain enumerated Labor Code violations "regulating minimum wages or hours and days of work" since the purpose of this section of the Labor Code is to increase individual accountability for wage-and-hour violations, not for recordkeeping violations. *See* Sen. Com. on Judiciary, Analysis of Sen. Bill No. 588 (2015-2016 Reg. Sess.) Apr. 20, 2015, p. 12 (The California Legislature enacted Labor Code section 558.1 in order to expand liability for wage and hour violations and to "discourage business owners from rolling up their operations and walking away from their debts to workers and starting a new company."). As the California Supreme Court has explained, § 558.1 "targets individual officers who are involved in the failure to pay wages." *Voris v. Lampert,* 7 Cal. 5th 1141, 1161 (2019). Similarly, in *Usher v. White*, 64 Cal.App.5th 883, 894 (2021), the Court emphasized that § 558.1 liability applies to "minimum wage or hour violations," not to general Labor Code violations.

Section 558.1 ***expressly excludes*** claims filed under §§ 1198.5 or 432, which govern access to personnel records and documents signed by the employee, as these

are not wage-and-hour regulations under the IWC Wage Orders. The statute's express exclusion of §§ 1198.5 and 432 is dispositive.

Plaintiff's argument – which is not supported by any case law – that Section 558.1 extends individual liability for alleged recordkeeping violations under Labor Code § 226 is simply incorrect as a matter of law. While Labor Code § 226 can give rise to § 558.1 liability in the context of certain wage statement violations, Plaintiff's purported claim against the Individual Defendants is not a wage statement claim. Rather, the claim is limited to an allegation that Bose and Osborne failed to permit inspection of Plaintiff's *existing* personnel and payroll records, which is separate and distinct from a claim that defendants failed to comply with the itemized wage statement requirements of § 226(a). In short, not all violations of § 226 are actionable under § 558.1. Section 226(a) imposes an obligation to provide accurate wage statements, while § 226(c) governs inspection of those records. These are distinct statutory duties. Because the provision at issue here, Labor Code § 226(c), concerns a *right to inspect*, not the content of wage statements themselves, it does not implicate the wage-statement violations contemplated under § 558.1. Thus, where, as here, Plaintiff's claim is based solely on an alleged failure to allow inspection under § 226(c), that claim does not, without more, support individual liability under § 558.1. Accordingly, Plaintiff's attempt to invoke § 558.1 based on a document inspection claim under § 226(c) fails as a matter of law. *See, e.g., Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654 (N.D. Cal. Sept. 8, 2016) (the court separately considered whether individual liability could attach under Labor Code §§ 1198.5 and 226(e) and **dismissed** the claims against the individual defendant, holding that only an "employer" could be liable under those provisions).

**c. <u>Plaintiff Has Not Alleged Any Facts That Support Imposing Individual Liability on Bose or Osborne Under Section 558.1</u>**

Even if Labor Code § 558.1 applied (which it does not), Plaintiff's claim fails for a separate, independent reason: he alleges no facts showing that Defendants

Osborne or Bose were personally involved in the alleged violations or functioned as "managing agents" with the requisite authority to create corporate policy. Under § 558.1(b), personal liability attaches only to owners, directors, officers, or "managing agents" as defined in Civil Code § 3294(b), *i.e.,* those who exercise "substantial discretionary authority over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.,* 21 Cal.4th 563, 573 (1999). As a result, Plaintiff must allege more than conclusory titles to establish a *prima facie* claim against the Individual Defendants.

Here, Plaintiff merely alleges that Osborne was a "Senior Coordinator" and Bose was a "General Manager" without any factual allegations supporting that the individuals "caused" the alleged violations and/or were managing agents. (*See* Complaint, ¶¶ 7-8.) Plaintiff pleads no facts suggesting the Individual Defendants formulated or implemented corporate policy regarding personnel or payroll records, let alone that they "caused" a violation. In fact, Plaintiff does not even allege that the record request at issue was ever directed to Bose or Osborne. *See Espinoza v. Hepta Run, Inc*., (2022) 74 Cal. App. 5th 44, 59 (to "cause" a violation of the Labor Code and come within the reach of Section 558.1, an individual must have engaged in some affirmative action beyond his/her status as an owner, director or managing director of the corporation). Additionally, the allegations in the Complaint fail to establish that either Osborne or Bose had the discretionary authority necessary to qualify as someone who caused the statute to be violated under 558.1. Just naming them is not enough, Plaintiff needs to allege they actually were personally involved in alleged wage and hour violations. (*See Rios v. Linn* Star Transfer, Inc. (N.D.Cal. 2020) 2020 WL 1677338, at *6 [a plaintiff must allege facts showing the individual defendant was "personally involved" in the alleged violations]; *Carter v. Rasier-CA, LLC* (N.D.Cal. 2017) 2017 WL 4098858, at *5 [dismissing claims premised on liability under section 558.1 because the plaintiffs failed to "allege specific facts to establish that [the individual defendant] was personally involved" in the wage and

hour violations.]; *Jacobs v. Sustainability Partners LLC* (N.D.Cal. 2020) 2020 WL 5593200, at *13 [granting with leave to amend the individual defendant's motion to dismiss because the plaintiff's complaint "is devoid of any factual allegations concerning [the individual defendant's] role in [the employer's] failure to reimburse business expenses owed to plaintiff"].)

Here, Plaintiff has not, and cannot, state any specific facts showing that the Individual Defendants personally engaged in or caused any actionable violation, as Plaintiff ***admits that his request for inspection was only served on United***, not on Bose or Osborne individually. (*See* Plaintiff's Motion to Remand at 6; GP Decl. at ¶2 and Ex. A.) In fact, there are no allegations that either Bose or Osborne were even aware of the request. (*See* Complaint.) Any statutory duty to permit inspection or copy personnel records is solely imposed on the employer and not on any individual employee or supervisor. Because neither Individual Defendant was served, informed, or involved in responding to the request, and because the statute does not impose an obligation on individuals to act absent notice or awareness, Plaintiff's attempt to impose liability under § 558.1 fails as a matter of law.

***B. Because the Individual Defendants Were Fraudulently Joined, They Should be Disregarded for Purposes of Diversity Jurisdiction.***

Fraudulent joinder exists when a plaintiff fails to state a viable claim against a resident defendant and the failure is "obvious according to the settled rules of the state." *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987). Courts disregard the citizenship of fraudulently joined defendants for purposes of assessing diversity. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) ("Joinder of a non-diverse defendant is deemed fraudulent, when the plaintiff is unable to "establish a cause of action against the non-diverse party in state court." *Id*. at 548 (*quoting Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044) (9th Cir. 2009).

As detailed above, Plaintiff has no basis to impose liability against either Individual Defendant under Labor Code §§ 1198.5, 226, 432 and/or 558.1. Plaintiff's attempt to defeat removal by naming two non-diverse defendants, without stating a viable claim against either, is precisely the kind of improper pleading tactic that the fraudulent joinder doctrine is intended to address. Courts routinely dismiss § 558.1 claims against non-diverse sham defendants under these circumstances. *See e.g., Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *Johnson v. Grancare,* LLC, 2015 WL 686576, at 5 (N.D. Cal. Nov. 9, 2015).

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to remand. Plaintiff has not and cannot articulate any viable claim against the Individual Defendants, both of whom were fraudulently joined. As such, their citizenship must be disregarded for purposes of diversity, and complete diversity exists between Plaintiff and United Airlines.

Dated: July 28, 2025

**NUKK-FREEMAN & CERRA, P.C.**

By: ______________________________

Michael J. Morphew, Esq.
Attorneys for Defendants
UNITED AIRLINES, INC., JEANETTE OSBORNE, KRISHNENDU BOSE

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants United Airlines, Inc., Jeanette Osborne, and Krishnendu Bose, hereby certifies on the 28th day of July, 2025, that this brief contains 2,706 words, which complies with the word limit of L.R. 11-6-1.

Michael J. Morphew, Esq.