JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01320-MRA-ADS | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Calvin Marshall III v. United Airlines et al.* | | |

Present: The Honorable   MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [14]**

Before the Court is Plaintiff's Motion to Remand (the "Motion"). ECF 14. The Court has read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion.

## I.   BACKGROUND

Plaintiff Calvin Marshall III ("Plaintiff" or "Marshall") filed the instant action on May 14, 2025, in Orange County Superior Court, alleging several employment-related state-law claims against his former employer United Airlines Inc. ("United") and supervisory United employees Jeanette Osborne ("Osborne") and Krishnendu Bose ("Bose") (collectively, the "Individual Defendants") under California's Fair Employment and Housing Act ("FEHA") and other California labor laws. ECF 1-1.

The Complaint alleges as follows: between April 16, 2023, and May 18, 2023, Plaintiff worked for United as a ramp agent (loading and unloading luggage from airplanes) at John Wayne Airport in Orange County, California. *Id.* ¶¶ 55–57. At all times during his employment Plaintiff was and remains an Ethiopian Christian, and his religious beliefs require that he observe the Sabbath from sundown on Friday through sundown on Saturday. *Id.* ¶ 59. Prior to Plaintiff starting as a ramp agent, Plaintiff attended several weeks of training. *Id.* ¶ 58. Upon completing training, Plaintiff received a work schedule that conflicted with his observance of the Sabbath. *Id.* ¶ 60. On or about May 7, 2023, Plaintiff notified United that he would need a religious accommodation as working during the Sabbath would violate a fundamental tenet of his faith. *Id.* On May 18, 2023, United terminated Plaintiff without attempting to engage in the reasonable accommodation process. *Id.* ¶ 61. On April 1, 2025, Plaintiff submitted a written request to United for his personnel and payroll records, but United failed to respond. *Id.* ¶ 65.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01320-MRA-ADS | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Calvin Marshall III v. United Airlines et al.* | | |

Based on these allegations, Plaintiff brings six causes of action for 1) Discrimination Based on Religion in Violation of California's Fair Employment and Housing Act (Cal. Gov. Code §§ 12940, *et seq.*) ("FEHA"), 2) Failure to Reasonably Accommodate Religious Belief or Observance in Violation of FEHA, 3) Retaliation in Violation of FEHA, 4) Failure to Take All Reasonable Steps to Prevent or Remedy Discrimination and Retaliation in Violation of FEHA, 5) Wrongful Termination in Violation of Public Policy, and 6) Failure to Permit Inspection of Personnel and Payroll Records. *See generally* ECF 1-1. Plaintiff names United as a defendant in all causes of action, but names the Individual Defendants only in his sixth cause of action for failure to permit inspection of records. *Id.* at 21–22.

On June 18, 2025, United removed this case to federal court based on diversity jurisdiction, asserting the Individual Defendants, though citizens of California alongside Plaintiff, should be disregarded as fraudulently joined. ECF 1. On July 21, 2025, Plaintiff filed the instant Motion, arguing that there is no diversity as the Individual Defendants were properly included in the complaint, and therefore the Court lacks jurisdiction to hear the case. ECF 14. Defendants opposed the Motion on July 28, 2025, and Plaintiff filed his Reply on August 4, 2025. ECF 17, 21.

## II.   LEGAL STANDARD

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may exercise jurisdiction only when authorized by the Constitution or a statute. *Id.* A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1). Complete diversity exists when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Under 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant, however, bears the burden of establishing that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Removal statutes are to be strictly construed, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The propriety of removal "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01320-MRA-ADS | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Calvin Marshall III v. United Airlines et al.* | | |

## III.    DISCUSSION

Plaintiff moves to remand this case to state court, arguing that the case cannot remain in federal court because the Court lacks jurisdiction.  ECF 14.  Specifically, Plaintiff argues that the Individual Defendants are both citizens of California and therefore are non-diverse from Plaintiff, who is also a citizen of California.  *Id.*  Plaintiff further argues that no other form of subject matter jurisdiction exists and thus the case must proceed in state court.  *Id.*  While Defendants do not dispute the citizenship of the Individual Defendants, they argue that these Defendants were fraudulently joined to the case for the purpose of destroying diversity and that, accordingly, the Court should not consider their citizenship when determining the existence of jurisdiction.  ECF 20.

A non-diverse defendant may be disregarded for diversity jurisdiction purposes if they have been fraudulently joined.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  "Although there is a general presumption against fraudulent joinder, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'"  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (cleaned up).   In other words, "[t]here are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 at 1044).   "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity."  *Hunter*, 582 F.3d at 1043.

However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Id.* at 1046 (citation omitted).   "[W]hile the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined, in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined."  *Grancare*, 889 F.3d at 549 (internal citation omitted).   Further, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."  *Id.* at 550.

Plaintiff argues that Osborne and Bose are necessary parties to this action because they served as United's "managing agents" when they violated sections 1198.5, 226(c), and 432 of the California Labor Code "by failing to comply with a written demand of Plaintiff's attorney dated April 1, 2025, seeking Plaintiff's payroll and personnel documents."  ECF 14 at 4; ECF 1-1 ¶ 100-12.  Defendants argue that Osborne and Bose are not personally liable for the alleged code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01320-MRA-ADS | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Calvin Marshall III v. United Airlines et al.* | | |

violations because they were never employers within the meaning of the statute, and that, even if they could be held personally liable, Plaintiff fails to state a claim against these individuals.   ECF 17 at 5.

Plaintiff's argument for ascribing personal liability to Osborne and Bose relies primarily on California Labor Code § 558.1, which states in relevant part:

(a) Any employer **or other person acting on behalf of an employer**, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, **226**, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a **natural person who is an owner, director, officer, or managing agent of the employer**, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

(emphasis added).   Of the three Labor Code sections invoked in Plaintiff's sixth cause of action, only § 226, regarding failure to permit inspection of wage and hour records, is explicitly listed in section 558.1 as subject to individual liability for a person acting on behalf of an employer under the statute.   *Id.*   Defendants consequently argue that Plaintiff cannot establish liability for the Individual Defendants under § 558.1 for violations of §§ 1198.5 or 432.   ECF 17 at 9-10. Plaintiff does not appear to rebut this argument on reply or present an alternative theory of individual liability for violations of §§ 1198.5 and 432, focusing instead on the individual liability asserted under § 226.   As such, the Court focuses its analysis on whether Plaintiff has adequately alleged liability against the Individual Defendants for violation of § 226.

Defendants attempt to argue that the alleged violation of Labor Code § 226 cannot give rise to liability for the Individual Defendants under § 558.1 because § 558.1 is designed to apply only to wage and hour violations.   ECF 17 at 9-10.   Defendants cite to a number of policy documents and case law discussing the law's intended purpose to "target[] individual officers who are involved in the failure to pay wages."   *Id.* (quoting *Voris v. Lampert*, 7 Cal.5th 1141 (2019). According to Defendants, *some* § 226 violations, such as those directly related to wage statement violations, may give rise to individual liability under § 558.1, but not violations of § 226(c), which requires an employer to comply with requests to inspect records, at issue here.   ECF 17 at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01320-MRA-ADS | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Calvin Marshall III v. United Airlines et al.* | | |

The Court is not convinced. Section 558.1 explicitly lists violations of § 226 in its entirety as claims which may give rise to individual liability. Should the legislature have wanted to designate only *certain* subsections of § 226 as subject to § 558.1, and not others, it certainly could have done so. Defendants cite to no cases finding that, as a matter of law, a claim for violation of § 226(c) cannot be a basis for induvial liability under § 558.1.[1] As such, the Court declines to find so here.

Defendants additionally argue that Plaintiff fails to adequately state a claim for violation of § 226(c) against either Individual Defendant. ECF 17 at 10-12. Section 226(a) requires employers to furnish employees with an itemized statement detailing gross wages earned, hours worked, and other relevant wage and hour information detailed in the subsection. Under § 226(b), employers are required to keep such statements and grant current and former employees the right to inspect or receive copies of these records. Subsection 226(c) details the guidelines for compliance:

> An employer who receives a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may designate the person to whom a request under this subdivision will be made.

Cal. Labor Code § 226(c). Plaintiff alleges Defendants, both United and the Individual Defendants, violated § 226(c) by failing to comply with a written request from Plaintiff's counsel to furnish Plaintiff's wage and hour records. ECF 14 at 8, ECF 1-1 ¶¶102, 104-112. To establish that there is no diversity, Plaintiff must adequately allege facts sufficient to plead individual liability for the Individual Defendants for violation of § 226(c).

In *Usher v. White*, the Ninth Circuit reasoned that the appropriate inquiry for individual liability under § 558.1 is whether the individual had been "personally involved in the purported

---

[1] Defendants cite to *Cordell v. PICC Lines Plus LLC* to support the argument that courts should separately consider the issue of individual liability for different alleged violations. *See* ECF 17 at 10. But *Cordell* was explicitly decided based upon facts which occurred prior to § 558.1 taking effect. *Cordell*, 2016 WL 4702654, *8 n.3 (N.D. Cal. Sept. 8, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01320-MRA-ADS | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Calvin Marshall III v. United Airlines et al.* | | |

violation of one or more of the enumerated provisions; or, absent such personal involvement, had sufficient participation in the activities of the employer" such that they "may be deemed to have contributed to, and thus for purposes of this statute, 'cause[d]' a violation." 64 Cal. App. 5th 883, 895 (2021). This analysis need not be determined "by any bright line rule," but requires "examination of the particular facts in light of the conduct, or lack thereof, attributed to the [individual]." *Id.* at 897.

The relevant facts alleged by Plaintiff with respect to the Individual Defendants are as follows: Osborne was, at all relevant times, the Senior Coordinator of all airport operations for United Airlines at John Wayne Airport. ECF 1-1 ¶ 7. Bose acted as the General Manager on behalf of United Airlines at the John Wayne Airport. *Id.* ¶ 8. The complaint alleges that on April 1, 2025, "Plaintiff made a written request to inspect or receive a copy of his personnel and payroll records from United Airlines, Osborne, and Bose, which they received." *Id.* ¶ 104. However, in Plaintiff's Motion, it is admitted that the written request was sent only to United, at the address listed for the entity's agents for service of process in Sacramento. ECF 14-2 ¶¶2-3, Exs. A-B. Defendants then failed to comply with this request and provide Plaintiff copies or permit inspection of the requested records. ECF 1-1 ¶ 106.

Defendants argue that Plaintiff fails to plead facts to adequately establish that (1) the Individual Defendants are "managing agent[s]" of United and (2) the Individual Defendants personally engaged in or caused the violation. ECF 17 at 10-12.

A "managing agent" includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decision making so that their decisions ultimately determine corporate policy." *Vo v. LoanMe, Inc.*, 2025 WL 3482634, *8 (C.D. Cal. Dec. 1, 2025) (citing *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566–67 (1999)).

As currently alleged in the operative complaint, the Court agrees that Plaintiff fails to adequately state a claim against Individual Defendants. Plaintiff's allegations with respect to the Individual Defendants are sparse. While Plaintiff alleges the Individual Defendants acted in managerial and operational roles for United at the John Wayne Airport, there is little to indicate either individual would have had any direct involvement with the handling of Plaintiff's records request or exercised the decision-making authority required to be considered a "managing agent" under § 558.1. The records request was sent to United only, at the address listed for its agents of service of process, located in Sacramento. ECF 14-2 ¶¶ 2-3. While the complaint alleges the Individual Defendants "received" the request, there are no additional facts included to support this assertion. ECF 1-1 ¶ 104. While the specific handling of such requests by United might be information Plaintiff does not have direct access to, Plaintiff does not allege *any* basis upon which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01320-MRA-ADS | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Calvin Marshall III v. United Airlines et al.* | | |

the Court may conclude that either Individual Defendant would have been involved in United's alleged failure to comply with § 226(c). Even at the pleading stage, these allegations are not sufficient for the Court to conclude either Individual Defendant was personally involved in the purported violation or qualifies as a managing agent for purposes of liability under § 558.1.

However, while the Court is inclined to find that such allegations as currently pleaded may not withstand a Rule 12(b)(6) motion, at this time the Court cannot find that there is "[no] *possibility* that a state court would find that the complaint states a cause of action" against Individual Defendants. *Grancare, LLC*, 889 F.3d at 548. The deficiencies in the complaint concerning the Individual Defendants' involvement in the alleged § 226(c) violation could "possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

While Defendants argue—and the Court agrees—that Plaintiff fails to allege facts to demonstrate either Individual Defendant is a managing agent, Defendants do not offer any facts indicating that such a finding would be impossible. *See, e.g.*, ECF 17 at 11 ("Plaintiff pleads no facts suggesting the Individual Defendants formulated or implemented corporate policy regarding personnel or payroll records . . . . [T]he allegations in the Complaint fail to establish that either Osborne or Bose had the discretionary authority necessary to qualify as someone who caused the statute to be violated under 558.1"). Even where a Plaintiff fails to allege facts sufficient to establish a Defendant as a managing agent, a court is not compelled to find that such a deficiency could not be cured upon amendment. *See Stone v. Omnicell, Inc.*, 2026 WL 266243, *5-6 (N.D. Cal. Feb. 2, 2026).

In other words, because Defendants' arguments "go to the sufficiency of the complaint, rather than to the possible viability of [Plaintiff's] claims against [the Individual Defendants], they do not establish fraudulent joinder." *Grancare, LLC,* 889 F.3d at 552; *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (explaining that the failure to state a claim must be "obvious according to the well-settled rules of the state" for joinder to be fraudulent); *Stone*, 2026 WL 266243 at *6 ("Where the [c]omplaint is insufficiently pleaded, but might be amended to state a viable claim, the 'heavy burden' of fraudulent joinder is not met.")

Thus, the Court concludes the Individual Defendants are not fraudulently joined, and the Court consequently lacks diversity jurisdiction over this case. Accordingly, Plaintiff's Motion is **GRANTED**.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01320-MRA-ADS | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Calvin Marshall III v. United Airlines et al.* | | |

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to Orange County Superior Court where it was filed as Case No. 30-2025-01482578-CU-WT-CJC.   The clerk shall close this case.

**IT IS SO ORDERED.**

–   :   –

Initials of Deputy Clerk        mku